UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK BUTLER, CDCR #AV-6839,<br><br>                              Plaintiff,<br><br>       vs.<br><br>P. LANDEROS, et al.,<br><br>                              Defendants. | Case No.  22cv1602-JO (LR)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br>**(2)  DENYING MOTION TO APPOINT COUNSEL [ECF No. 5];**<br>**and (3)  DISMISSING COMPLAINT PURUSANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)** |

Plaintiff Derrick Butler is a state prisoner incarcerated at Centinela State Prison in Imperial, California ("Centinela").  Proceeding *pro se*, he has filed a civil rights action pursuant to 42 U.S.C. § 1983.  *See* Compl., ECF No. 1.  Plaintiff has also filed a Motion for Leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and a Motion to Appoint Counsel.  ECF Nos. 2, 5.  For the reasons stated below, the Court grants Plaintiff's motion to proceed IFP, denies his motion to appoint counsel, and dismisses his complaint with leave to amend.

**I. Motion to Proceed IFP**

A party may institute a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  28 U.S.C. § 1915(a); *Andrews v.*

*Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs who wish to proceed IFP must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). For prisoners to establish an inability to pay, the Prison Litigation Reform Act requires submission of "a certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

According to the Prison Litigation Reform Act, even when the Court grants a motion for IFP, a prisoner must still repay the filing fee. The Court must assess an initial partial filing fee of 20% of the greater of the average monthly deposits or average. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). After paying the initial partial fee, prisoners who proceed IFP must pay the remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff submitted a Prison Certificate issued by Centinela containing information about his prison trust activity. *See* ECF No. 3 at 1. This certificate indicates that Plaintiff had an available balance of $149.84 at the time of filing, has an average monthly balance of $170.24, and an average of $160.00 in monthly deposits. *Id.* Based on this financial information, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $34.04. Plaintiff remains obligated to pay the remaining $315.96 in monthly installments collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

**II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

**A.  Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*); *see also*

*Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (same with respect to 28 U.S.C. § 1915A(a) & (b)(1)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**B.   Discussion**

Plaintiff alleges that Defendants Control Booth/Tower Operator P. Landeros, C-1 Floor Officer Lopez, Correctional Lieutenant R. Martinez, and Program/Patio Officer I. Rosalez ("Defendants") violated his federal constitutional rights while incarcerated at Centinela State Prison. *See* Compl., ECF No. 1 at 2-5. He claims Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment when Defendants (1) laughed at, threatened, harassed, disrespected, and taunted him with rude, vulgar, and racist remarks and (2) caused great bodily injury when they handcuffed him. Plaintiff also claims Defendants violated his Fourteenth Amendment right to due process by denying his request to call a witness at a disciplinary hearing. Finally, Plaintiff claims Defendants violated his Fourteenth Amendment right to privacy by observing him naked. The Court will address the legal sufficiency of each of these claims in turn.

///

**1.   Eighth Amendment**

First, Plaintiff's claims based on the mocking, threatening, and taunting nature of Defendant's communications, *see* Compl., ECF No. 1 at 3, fail as a matter of law because such conduct does not rise to the level of cruel and unusual punishment. The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A violation of this amendment only occurs where the deprivation is "objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The Ninth Circuit has held that "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong." *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Likewise, "disrespectful and assaultive comments" fail to state an Eighth Amendment claim, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), and "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Here, Plaintiff bases his Eighth Amendment claim on Defendants' vulgar and racist threats, taunts, and remarks. This alleged conduct consists solely of disrespectful and harassing verbal statements and threats. Because such comments and threats do not give rise to an objectively serious wanton infliction of pain as a matter of law, Plaintiff fails to state a claim for cruel and unusual punishment based on these allegations. Accordingly, the Court dismisses the Eighth Amendment claim arising from Defendants' threats and taunts.

Second, Plaintiff's claim that Defendants violated the Eighth Amendment when they handcuffed him fails because he does not allege that he was injured as a result. *See* Compl., ECF No. 1 at 4. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992), quoting *Whitley*, 475 U.S. at 327; Accordingly, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), quoting *Hudson*, 503 U.S. at 9. Here, Plaintiff's handcuffing allegation

shows only a *de minimis* use of physical force that has not caused a discernible bodily injury. For example, Plaintiff alleges that Defendants Landeros and Lopez acted with the intent to cause great bodily injury when they handcuffed him, but he makes no mention of any physical injury arising from their actions. *See* Comp., ECF No. 1 at 4. Plaintiff also alleges no facts to show that the handcuffing was so repugnant to the conscience that the *de minimis* force was unconstitutional. For the above reasons, the Court finds Plaintiff fails to state a claim for cruel and unusual punishment based the handcuffing incident and dismisses Plaintiff's Eighth Amendment claim arising from these allegations.

### 2. Due Process

The Court next turns to Plaintiff's claim that Defendants violated his right to due process when he was not allowed to question a witness at a disciplinary hearing. *See* Compl., ECF No. 1 at 4-5. A prisoner is entitled to procedural due process protections during a disciplinary hearing such as the right to call witnesses where protected liberty interests are at stake during a hearing. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003). To show that a disciplinary hearing implicates a liberty interest protected by the Due Process Clause, a prisoner must show that his sentence was exceeded in "an unexpected manner" or resulted in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Otherwise, a prisoner is only granted minimum due process which requires only that the outcome be "supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). Here, Plaintiff failed to allege facts to show that he was entitled to procedural due process protections because his disciplinary hearing implicated a liberty interest. For example, Plaintiff does not allege that he was subject to a longer sentence as a result of the disciplinary proceeding. Nor does he allege any atypical or significant hardships imposed upon him based on the outcome of the proceeding. Thus, Plaintiff has failed to plausibly allege a protected liberty interest giving rise to a right to call witnesses at his disciplinary hearing. His complaint also contains no allegations that the disciplinary board findings were wholly unsupported by the evidence in the record;

thus, he also fails to plausibly allege a denial of the minimum requirements of due process. For the above reasons, the Court concludes that he has failed to state a due process claim.

### 3. Right to Privacy

Finally, the Court addresses Plaintiff's allegation that Defendants violated his right to privacy by seeing him naked on a single occasion. *See* Compl., ECF No. 1 at 4. The Ninth Circuit has held that prisoners have "a right to privacy in their naked body." *Ioane v. Hodges*, 939 F.3d 945, 953 (9th Cir. 2018). However, that right is not violated where "the officials' view of the inmates was 'restricted by distance,' 'casual in nature,' and justified by security needs." *Id.*, quoting *Grummett v. Rushen*, 779 F.3d 491, 495-96 (9th Cir. 1985). Here, Plaintiff alleges he heard an "inmate siren indicating the officers(s) is coming," and when he emerged from behind a curtain in his cell Defendants were standing outside and saw him naked inside his cell. *See* Compl., ECF No. 1 at 4. These allegations indicate that Defendants only saw Plaintiff's naked body from a distance and that the view may have been casual or incidental in nature. Plaintiff has also failed to allege facts to show that Defendants' view of his naked body was not justified by security needs. Plaintiff's allegations therefore do not rise to the level of a right-to-privacy violation. Accordingly, the Court dismisses this claim based on Defendants' brief view of his naked body from outside his cell.

For the reasons discussed above, the Court *sua sponte* dismisses all claims in the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

/ / /

**C.     Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants him leave to amend his Complaint to attempt to sufficiently allege a § 1983 claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely

clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.  Motion to Appoint Counsel

Plaintiff argues that the Court should appoint him counsel because his claims are meritorious and he has been unable to obtain counsel for himself.  ECF No. 5 at 1-4.  While the United States Constitution provides no right to appointment of counsel in civil cases, see *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980), the Court may, in its discretion, appoint counsel for an individual who is unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1).  Such requests are granted only in "exceptional circumstances," after an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Plaintiff bears the burden of showing that exceptional circumstances exist.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has not demonstrated that these exceptional circumstances are present in this case.  For the reasons discussed above, Plaintiff has not demonstrated he is likely to succeed on the merits of any claim.  Furthermore, upon review of Plaintiff's Complaint and his Motion to Appoint Counsel, the Court finds that Plaintiff has demonstrated his ability to articulate his legal claims.  For example, in the instant case, Plaintiff has clearly articulated why he believes his privacy rights were violated when he was observed naked in his cell and identified which witness he was prevented from calling at his disciplinary hearing and why he needed their testimony.  *See* Comp. ECF No. 1 at 3-5.  Moreover, the Court finds that Plaintiff's claims are not factually or legally complex.  Because Plaintiff has neither demonstrated his likelihood of success nor his inability to articulate the legal basis and factual circumstances relevant to his claims, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel at this time.  *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Accordingly, the Court **DENIES** Plaintiff's motion for appointment

of counsel without prejudice to its renewal at a later stage of these proceedings.

## IV.  Conclusion and Order

For the reasons set forth above, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $34.04 initial filing fee as well as the remaining $315.96 balance of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2);

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 5);

5) **DISMISSES** Plaintiff's Complaint *sua sponte* and with leave to amend in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint.  Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon

which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

DATE: March 22, 2023

Hon. Jinsook Ohta
United States District Judge